## ROBERT E. JENKINS, Assignee, etc.

### v.

## THE INTERNATIONAL BANK ET AL.

PRACTICE—STRIKING OUT REMANDING ORDER.—Where, upon a hearing in this court, a judgment is reversed and cause remanded for new trial, this court has no power to strike out the remanding order, so as to allow an appeal direct to the Supreme Court, upon motion of one of the parties, without the consent of the other party.

Upon motion to strike out remanding order. Opinion filed November 29, 1881.

Subsequent to the filing of the foregoing opinion, counsel for the defendant in error prayed an appeal in this, and several other similar cases, in which Jenkins, assignee, etc., was plaintiff in error, to the Supreme Court; and at the same time suggested that the court of its own motion, strike out the remanding order, so as to enable an appeal to be taken, the counsel stating that he did not wish to make a motion to strike out, lest he might be thereby prejudiced in the Supreme Court. In some of the cases, motions to dismiss the writ of error had been made and denied; and in others the Statute of Limitations was pleaded in this court to the writ of error, which pleas were held bad on demurrer.

Messrs. ROSENTHAL & PENCE, for the motion.

Mr. W. T. BURGESS, opposed.

WILSON, P. J. In these cases we are asked to strike out the remanding order, and to allow an appeal to the Supreme Court.

We should have been glad to reach the conclusion that the cases in their present condition are appealable, but after the best consideration we have been able to give the subject, we are all of opinion they are not.

We do not think the decision of the demurrer to the pleas, nor of the motions to dismiss, can in any proper sense, be regarded as a final determination of the cases.

The statute provides that in certain enumerated cases, determined in the appellate courts, where the judgment is affirmed, or the case otherwise finally disposed of in the appellate court, the judgment or decree shall be final; and that "in all other cases appeals shall lie, and writs of error may be prosecuted from the final judgments, orders or decrees of the appellate courts to the Supreme Court."

The language of the statute is plain, and leaves no room for construction. It allows appeals only from *final* judgments, orders or decrees. It was competent for the legislature to have provided for appeals from interlocutory or other orders, but not having done so, we have no power to extend the statute so as to make it embrace other than the enumerated cases.

As to two of the cases, there was no plea, but only a motion to dismiss.

In the cases reversed on the merits, there was an order in the court below for an accounting. That order is not disturbed by this court, further than to correct the principle upon which the account is to be taken, and the cases are remanded to have the account taken accordingly.

In all of the cases cross-bills were filed by Walker, and the plaintiff in error has the right to prosecute those cross-bills to final decree. This court having decided that the court below erred in respect to the basis upon which the account was to be taken, and reversed the decrees for that reason, to the end that the plaintiff in error might obtain a proper accounting, to now allow an appeal to the Supreme Court, would be to send the cases there by piece-meal, and before any final determination or decree had been made in the court below upon the basis fixed by this court.

It is true, the court, in Gage v. The City of Chicago, and McNeill v. Caruthers, struck out the remanding clause and allowed an appeal, but in those cases the remanding clause was struck out by *agreement of the parties*, and it appeared the cases had been fully heard and determined upon their merits. Here the motion to strike out is resisted, and the plaintiff in error is insisting on his right to have the cases heard and adjudicated in the court below.

It is urged that the decision of the court upon the motions to dismiss, and demurrer to the pleas, is a final determination of the case. We do not so regard it. The motions to dismiss the plea, demurrer and judgment of the court thereon, are mere ancillary proceedings—steps in the case—and are not to be regarded as a final determination of the suits.

If our views are correct, the only result of an appeal would be its dismissal by the Supreme Court, and the final disposition of the cases would thus be delayed instead of hastened. We are therefore of opinion that the cases should be remanded for further action in the court below.

Motion to strike out, and for an appeal denied.